IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC and JAMES KILBORN in his capacity as Administrator of USW Local 8378

Plaintiffs,

v.

JOSEPH J. MUNGER, SR. and LEE FRAKES,

Defendants.

3:15-CV-00955-BR

TEMPORARY RESTRAINING ORDER

ROBERT H. LAVITT
Schwerin Campbell Barnard Iglitzin & Lavitt LLP
18 W. Mercer Street, Suite 400
Seattle, WA 98119
(206) 285-2828

**LEON DAYAN**
**BRUCE LERNER**
**THOMAS W. PEREZ-LOPEZ**
Bredhoff & Kaiser, PLLC
805 15th Street N.W.
Suite 1000
Washington, DC 20005
(202) 842-2600

Attorneys for Plaintiffs

**BROWN, Judge.**

This matter is before the Court on Plaintiffs' Motion (#13) for Temporary Restraining Order.

Plaintiff United Steel Workers International Union (USW) placed Local No. 8378 into trusteeship and appointed James Kilborn as Administrator of the Local. Defendants Joseph Munger and Lee Frakes, whose status as officers of the Local was suspended in the process, dispute the validity and grounds for the USW's actions and removed certain files from the Local's offices to an offsite storage facility inaccessible to the Administrator and to rank and file bargaining union members seeking access through the Administrator.

Plaintiffs moved for temporary injunctive relief seeking, among other things, an order from this Court requiring Defendants' immediate return to Plaintiffs of the records and property of the Local. The Court heard oral argument on the

Plaintiffs' Motion on June 9, 2015. Defendants appeared *pro se*[1] after having been served with the Complaint and Motion for a Temporary Restraining Order. At the conclusion of the hearing, the Court directed the parties to confer in an effort to reach agreement as to the limited temporary relief the Court was considering pending an evidentiary hearing on a motion for preliminary injunction.

On June 11, 2015, the parties submitted a form of partially-Stipulated Temporary Restraining Order, and the Court heard additional oral argument. Pursuant to Fed. R. Civ. P. 65(b)(1) and (2) and based on the parties' arguments and stipulations; the Declarations of Leo Gerard, James Kilborn, Jessica Tucker, and Robert LaVenture filed in support of Plaintiffs' Motion; and the representations of the parties to the Court at the hearings on this Motion, the Court finds:

1. There is a present risk of immediate and irreparable injury, loss, or damage to Plaintiffs because Defendants are in possession of the physical, electronic, and analog documents and information Plaintiffs need to conduct the business of Local 8378;

2. The parties did not request a bond, and for the reasons

---

[1] Defendants have had the benefit of volunteer counsel, Terry Scannell, who has not formally appeared in this matter, but who has assisted Defendants in dealing with the Court and opposing counsel concerning the issues of temporary injunctive relief. The Court thanks Mr. Scannell for his service.

stated on the record, the Court concludes no security is required pursuant to Federal Rule of Civil Procedure 65(c);

3. There is a sufficient showing that Plaintiffs likely will succeed on the merits of their claims against Defendants arising from Plaintiffs' institution of the Administratorship such that temporary relief is warranted pending an expedited hearing on a forthcoming motion for preliminary injunction;

4. Absent the issuance of a temporary restraining order, Plaintiffs are likely to suffer immediate and irreparable injury, and such injury substantially outweighs any injury to Defendants that may result from granting Plaintiffs' Motion as provided herein; and

5. This Order serves, and is not contrary to, the public interest.

Accordingly, the Court **GRANTS in part** Plaintiffs' Motion for Temporary Restraining Order as follows:

1. Return of Records. No later than 5:00 p.m. on June 12, 2015, Defendants must return all records and files of Local 8378 that they removed, including but not limited to all organizational, financial, membership, historic, and working files and records. Defendants may retain any personal notes, memoranda, or other records that are not the property of Local 8378, but the Court presently does not have any reasonable means to determine what records are property of Local 8378 and what records are

personal property of Defendants. Defendants, therefore, act at their peril in retaining records that are the property of Local 8378, and if it is demonstrated that Defendants have not fully complied with this Order to return all records of Local 8378, the Court will address such noncompliance by Defendants in due course.

2. Receipt. Except as provided herein, no party may remove, alter, or destroy any records or files of Local 8378. No later than 5:00 p.m. on Monday, June 15, 2015, Plaintiffs must provide Defendants with a receipt describing in general terms the contents of the files returned to Plaintiffs pursuant to this Order.

3. Access. Upon reasonable notice and request to the Administrator, Defendants, during normal business hours, may access the Local's records and files, including analog and electronic records, for the sole and exclusive purpose of preparing for the preliminary injunction hearing referenced below. The parties must cooperate in good faith to afford Defendants reasonable access to the files.

4. Representation. Defendants must cease holding themselves out to the public, any employer, any vendor, or other organization that does business with Local 8378, or to members, as officers or officials of Local 8378. Defendants may, however, identify themselves as "suspended Local officers."

5. Computer Access. Defendants must cooperate in good faith and assist the Administrator and/or his designee in accessing any and all computer records of Local 8378. Such cooperation and assistance includes disclosing all passcodes and/or passwords necessary to access records or files of the Local and, if requested by the Administrator, appearing at the office of Local 8378 to provide in-person assistance.

6. Property. In addition to the return of records as already ordered, Defendants must return to the Administrator by 5:00 p.m. on June 12, 2015, all other property of Local 8378. With respect to any electronic device on which Defendants maintain they have personal information (including computers, laptops, flash drives, hard drives, mobile devices, or smart phones), the Court will determine a protocol for dealing with Defendants' personal information if the parties are unable to do so by agreement in the future. The parties, therefore, must confer to develop a plan so that Defendants' personal information can be retained by Defendants and the Local's information can be safeguarded and promptly returned to the Local's office. Defendants must also return to the Administrator by 5:00 p.m. on June 12, 2015, all keys to the offices of the Local.

7. Duration of this Order. This Order remains in effect until June 24, 2015, at 9:00 a.m., at which time the parties must appear before this Court for a hearing on Plaintiffs' request for

a Preliminary Injunction. The Court may issue another Order providing temporary or preliminary injunctive relief at the conclusion of that hearing. Plaintiffs' preliminary injunction Motion, supporting Memorandum, and Proposed Order are due June 18, 2015, by 3:00 p.m. Defendants' Response, if any, is due by 10:00 a.m. on June 23, 2015.

The Court **DIRECTS** the Clerk to provide via email a copy of this Temporary Restraining Order to all parties and to Mr. Scannell as soon as the Order is docketed.

IT IS SO ORDERED this 12th day of June, 2015.

ANNA J. BROWN
United States District Judge