IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC and JAMES KILBORN in his capacity as Administrator of USW Local 8378, | 3:15-CV-00955-BR

ORDER |

       Plaintiffs,

v.

JOSEPH J. MUNGER, SR., and
LEE FRAKES,

       Defendants.


ROBERT H. LAVITT
Schwerin Campbell Barnard Iglitzin & Lavitt LLP
18 W. Mercer Street, Suite 400
Seattle, WA 98119
(206) 285-2828


1 - ORDER

**LEON DAYAN**
**BRUCE LERNER**
**THOMAS W. PEREZ-LOPEZ**
Bredhoff & Kaiser, PLLC
805 15th Street N.W.
Suite 1000
Washington, DC 20005
(202) 842-2600

      Attorneys for Plaintiffs

**BROWN, Judge.**

This matter is before the Court on Plaintiffs' Motion (#65) for Permanent Injunction. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion and enters a Permanent Injunction.

## BACKGROUND

On May 26, 2015, the President of Plaintiff United Steel Workers International Union (USW), Leo Gerard, placed Local 8378 into administratorship pursuant to Article IX of the USW International Constitution and appointed Plaintiff James Kilborn as Administrator of the Local. Gerard advised the Local's elected officials, including Defendants Joseph Munger and Lee Frakes, that they were immediately suspended from their positions as officers of the Local.

On June 1, 2015, Plaintiffs brought an action in this Court under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, alleging Defendants violated the USW Constitution by taking steps to decertify USW as the exclusive bargaining

2 - ORDER

representative for members of the Local employed by Cascade Steel
Rolling Mills, Inc.  Specifically, Plaintiffs alleged Defendants
removed union files from the union office, changed the locks to
the union hall so that only Defendants could gain access to the
property, and failed to comply with the administratorship of the
Local instituted by USW.

Also on June 1, 2015, Plaintiffs filed a Temporary
Restraining Order seeking to require Defendants to comply with
Kilborn's directives, to return to Kilborn all records and
property of Local 8378 in their possession, to cede control of
the Local's bank accounts to Kilborn, and to stop holding
themselves out as officers of Local 8378.

On June 9, 2015, the Court held a hearing on Plaintiffs'
Motion for a Temporary Restraining Order.  At the hearing
Defendants admitted they had removed and retained certain Local
8378 records including grievance files.  Defendants turned over
the grievance files to Plaintiffs at the hearing.

On June 12, 2015, the Court entered a Temporary Restraining
Order (#32) finding "Plaintiffs likely will succeed on the merits
of their claims against Defendants arising from Plaintiffs'
institution of the administratorship" of Local 8378 and that
"[a]bsent the issuance of a temporary restraining order,
Plaintiffs are likely to suffer immediate and irreparable
injury."  The Court, therefore, ordered Defendants (1) to

immediately return to Local 8378 all records and files they had removed from the union's offices, (2) to cease holding themselves out to the public as officers of the Local, (3) to assist Kilborn in accessing the Local's computer records, and (4) to return all union property to the Local.

On June 17, 2015, Plaintiffs filed a Motion for Emergency Supplemental Temporary Restraining Order on the ground that Defendants continued to refuse to relinquish control of certain union property, including a union-owned laptop, or to provide Kilborn with the necessary passwords to access a Dropbox account in which certain union records were stored in electronic form. Plaintiffs, however, ultimately withdrew their Motion when Defendants complied with the Court's June 12, 2015, Temporary Restraining Order.

On June 18, 2015, Plaintiffs filed a Motion for Preliminary Injunction in which they moved to convert the June 12, 2015, Temporary Restraining Order into a preliminary injunction.  In particular, Plaintiffs sought an order requiring Defendants to turn over to Kilborn all remaining records and other property of Local 8378 in their possession, to destroy "residual" electronic copies of Local 8378 records stored on their personal computers or elsewhere, and to refrain from holding themselves out as officers of the Local.

On June 24, 2015, the Court heard oral argument on

Plaintiffs' Motion for Preliminary Injunction.  The Court noted
an internal USW hearing regarding the validity of the
administratorship was scheduled on June 26, 2015.  The Court,
therefore, denied as premature Plaintiffs' Motion for Preliminary
Injunction with leave for Plaintiffs to renew their Motion if it
remained necessary after the internal USW hearing.

On June 26, 2015, an International Commission of the USW
chaired by Commissioner James Carvin conducted a hearing as to
the validity of the administratorship imposed upon Local 8378.
The Commission heard testimony, including testimony from
Defendants Munger and Frakes; received evidence; and considered
legal arguments on the events leading to the administratorship.

On July 10, 2015, the Commission issued a final report in
which it confirmed the earlier findings of the International
President and found that a valid legal basis existed for the
administratorship.  In particular, the Commission concluded (1) a
plan was in place to remove the USW as the certified bargaining
agent of the production and maintenance employees of Cascade
Steel and meetings took place to discuss decertification of USW;
(2) the locks and security codes at the Union Hall were changed
to allow access only to Munger and Frakes and to exclude all
other elected officials; and, as a result, (3) "the placing of
Local Union 08378 under administratorship was proper."  The
Commission recommended continuation of "the administratorship

. . . until the Administrator secures all records, all assets[,] and feels the Local is capable of operating in a proper manner within the guidelines of the USW Constitution and Local By-Laws."

On July 10, 2015, the Court entered a Temporary Restraining Order (#55) in which it directed Defendants (1) to immediately take all necessary steps to return exclusive control of and signing authority for Local 8378's bank accounts to the Administrator and (2) to preserve and not to delete or to destroy any electronic or physical files in Defendants' possession, including electronic files related in any way to union business that may reside on personal laptops, in storage, or on mobile devices.  The Court also directed the parties to file a Joint Status Report no later than July 17, 2015.

On July 16, 2015, the USW provided a copy of the International Commission's July 10, 2015, final report to Defendants and advised them that the International Executive Board Appeal Panel would hear an appeal on August 6, 2015.

On July 17, 2015, the parties filed a Joint Status Report (#56) in which they advised the Court of the July 10, 2015, Commission final report and of the August 6, 2015, appeal hearing.  Defendants asserted in the Joint Status Report that they believed the hearing before the International Commission

> violated USW International By-Laws and
> Constitution.  The Defendants were denied hearings
> that were fair and impartial and the ability to
> present a defense and challenge testimony.  The

6 - ORDER

> Defendants were interrupted during testimony,
> refused an opportunity to present evidence, had
> objections overruled to testimony by one party for
> another, had admonishments that laws were broken
> that were not by the alleged impartial jurists,
> amongst other injustices.  Though no evidence was
> produced at the hearings of any wrong doing by the
> Defendants, the Defendants expect unfavorable
> rulings.

July 17, 2015, Joint Status Report (#56) at 2.

On July 23, 2015, the Court entered an Order (#57) continuing in effect the Temporary Restraining Order and directing the parties to file a further Joint Status Report on August 14, 2015.

On August 6, 2015, the Board Appeal Panel held a hearing on the Commission's July 10, 2015, decision.  Defendants did not appear at the hearing.  The Board adopted the recommendations contained in the International Commission's final report. Pursuant to the Board's adoption, the emergency administratorship of Local 8378 became a regular administratorship effective August 6, 2015.

On August 14, 2015, Plaintiffs filed a Status Report (#58) in which they advised the Court of the Board's adoption of the Commission's July 10, 2015, findings and sought a "final order . . . declaring that the administratorship was proper under federal law and the Steelworkers' Constitution and the Local's By-Laws, and that the Administrator was properly appointed and authorized."  Plaintiffs also sought a "final order" continuing

7 - ORDER

the directives of the Temporary Restraining Order.

On August 17, 2015, the Court entered an Order (#59) in which it noted it had reviewed the August 14, 2015, Status Report and that it did not appear to include any position statement from Defendants.  Because the Court concluded the "final order" that Plaintiffs sought was in the nature of a permanent injunction, the Court directed Plaintiffs to file a formal Motion for that relief after conferral with Defendants.

On August 26, 2015, the Court entered an Order (#60) in which it noted:

> The Court has received a message from Defendant Munger as follows:  "Please excuse my late reply. I was out of state to attend the funeral of my father in law.  We can't jointly respond anymore because of the liberties taken by the plaintiffs last time with our response.  We maintain our position and would encourage the court to maintain jurisdiction over the files.  We add that the hearings were not impartial and we will not participate in an appeal as it is counter-productive.  Thank you."  Notwithstanding Defendant's statement, the Court reminds both Defendants that they may not ignore a court order to confer with opposing counsel.  If they wish Plaintiffs' counsel to include any particular statement in a future, court-ordered, joint filing, they should provide counsel with the statement who will include it in the report.

Order (#60) at 1 (issued Aug. 26, 2015).

On September 11, 2015, Plaintiffs filed a Motion for Permanent Injunction.  Plaintiffs noted they attempted to confer with Defendants regarding the Motion, but they were unsuccessful because Defendants would not take or return their telephone

8 - ORDER

calls.

Defendants did not file any response to Plaintiffs' Motion for Permanent Injunction.

## DISCUSSION

In their Motion Plaintiffs seek an order permanently requiring Defendants:  (1) to refrain from interfering with the administratorship of the Local; (2) to refrain from representing themselves or holding themselves out to the public, any employer, any vendor or other organization that transacts or does business with the Local, or to members of the Local, as officers, officials, or representatives of the Local; (3) immediately to return to the Local any property, in whatever form, of the Local currently in their possession or control, or which may come into their possession or control, unless expressly authorized to do otherwise by Kilborn; and (4) to comply with reasonable requests by Kilborn to assist in the implementation of the administratorship, including providing on request an accounting of expenditures and explanation of receipts and/or disbursements and financial transactions by the Local or its officers or agents.

The Court concludes Defendants' assertion in their August 26, 2015, message to the Court that the administrative proceedings before the Commission were not properly conducted in

accordance with USW procedures and requirements is unsupported by
the record.   In fact, the record reflects the Commission's
findings and procedure were upheld on administrative appeal.
Moreover, Defendants have not produced any evidence to support
their position, Defendants have not conferred with Plaintiffs,
and Defendants have not filed any response to Plaintiffs' Motion
for Permanent Injunction.

The Court concludes on this record that Plaintiffs have
established there is a present risk of immediate and irreparable
injury, loss, or damage to Plaintiffs because Defendants are in
possession of certain documents and information that Plaintiffs
need to conduct the business of Local 8378.   Specifically,
Plaintiffs have established Defendants have yet to turn over all
USW property and records in their possession.   Plaintiffs also
have demonstrated the only relief available to them to compensate
for Defendants' unauthorized possession of union records and
other property is injunctive relief.   The Court, therefore,
concludes on this record that the balance of hardships weighs in
Plaintiffs' favor.   In particular, the hardship to Plaintiffs
resulting from the deprivation of its records and other property
is substantial because the Administrator requires those records
to conduct the day-to-day business of Local 8378, including
adjudication of member grievances.   On the other hand, Defendants
have not demonstrated any harm in being required to return all

10 - ORDER

USW property and records to Kilborn.  Finally, the Court
concludes the public interest would not be disserved by the
issuance of a permanent injunction that furthers federal labor
policy by enforcing the terms of the USW Constitution.


### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#65)
for Permanent Injunction and will enter a separate Order for
Permanent Injunction.

IT IS SO ORDERED.

DATED this 30th day of October, 2015.


_____
ANNA J. BROWN
United States District Judge